Argued and submitted January 28, reversed and remanded April 8, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NANCY ELIZABETH QUIGLEY,
*Defendant-Appellant.*

Jackson County Circuit Court
123912FE; A154098

348 P3d 250

Ingrid A. MacFarlane, Senior Deputy Public Defender, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Pamela J. Walsh, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

DEVORE, J.

## DEVORE, J.

In this criminal case, defendant appeals a judgment of conviction for unlawful possession of methamphetamine, ORS 475.894, assigning error to the trial court's denial of her motion to suppress drug evidence. Relying on Article I, section 9, of the Oregon Constitution, defendant argues that the evidence should have been suppressed because an officer unlawfully extended the stop and that the state failed to demonstrate that the drug evidence did not derive from that illegality.[1] We review the trial court's denial of defendant's motion to suppress for legal error and are bound by the trial court's express and implicit findings of fact, if there is sufficient evidence in the record to support them. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). We reverse and remand.

Corporal Furst stopped defendant for not properly wearing a seatbelt while driving. Defendant did not have her license, registration, or insurance information. She admitted that her insurance had expired and that she was on probation. Furst decided to impound and inventory the vehicle. He told defendant that, called for a cover officer and a tow truck, and began filling in a tow form. He ran database searches to confirm defendant's identity based on her name and birth date. Furst told defendant and her passenger to get out of the vehicle so that he could conduct an inventory. Defendant agreed, stepping out of the vehicle, but, when Furst asked consent to search defendant's purse "for weapons or drugs," she declined. Defendant set her purse down, opened and closed it quickly, and said that she did not "have anything in there." Furst saw a box cutter, and he took it from the purse just before she closed it. He told defendant that she would "have to separate herself from the purse," because he did not know if there were weapons in it.

Furst returned to his patrol car and called defendant's probation officer, Lupes. He told Lupes that defendant had refused to give consent to search her purse and that he thought that she was concealing something unlawful.

---

[1] Article I, section 9, provides, in part, "No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure[.]"

Lupes suggested that Furst question defendant about her drug use. In the course of the suggested questioning, defendant admitted that she had some marijuana in her purse. Still on the line and having overheard defendant, Lupes asked Furst "to invoke the search condition of [defendant's] probation" requiring her either to consent to a search or to decline and violate a condition of her probation. In response, defendant gave consent to search her purse. Furst found a methamphetamine pipe, methamphetamine residue, and marijuana. He arrested defendant, and she was charged with unlawful possession of methamphetamine.

At a hearing on defendant's motion to suppress evidence, Furst testified about standard impounding procedure. The procedure required completing a "tow report," which provided places for the signatures of the vehicle owner, the tow truck driver, the officer, and the property records clerk. A box on the form was available to mark in lieu of a driver's signature if the driver were in custody, as well as a checkbox to indicate if the driver had refused to sign. Furst did not believe that defendant was free to leave until the conclusion of the inventory.

Among other things, defendant argued that Furst could not be found to have sought defendant's consent during an unavoidable lull in the investigation, and that, during the stop, the officer had not developed reasonable suspicion to suspect a crime, and, as a consequence, the evidence found in her purse was the product of an unlawfully extended stop. Pointing to the tow form, defendant contended that defendant should have been given the opportunity to refuse to sign the form and to have left earlier. Defendant argued that, because "the officer * * * [had] gathered everything he need[ed] to complete his investigation," he was not entitled to extend the stop while he was waiting for the tow truck to arrive. That is, defendant was not "lawfully required to stay and wait around for [the tow] form."

The state responded that the impound process required defendant's presence such that the stop was not unlawfully extended and that, in any event, defendant had to consent to searches due to the conditions of her probation, as Lupes and Furst had testified.

The trial court denied the motion to suppress without making any findings on the record as to which reason it accepted as the basis for its ruling. Defendant entered a conditional plea, reserving the right to challenge the ruling. ORS 135.335(3).

On appeal, defendant renews her argument that her consent to search her purse was the product of the unlawful extension of the stop. The state now concedes that the stop was unlawfully extended, because, after the time it should have taken to have been cited, defendant should have been free to leave.[2] *See State v. Rodgers/Kirkeby*, 347 Or 610, 623, 227 P3d 695 (2010); *State v. Berry*, 232 Or App 612, 615, 222 P3d 758 (2009), *rev dismissed*, 348 Or 71 (2010) (an officer unlawfully extends a traffic stop by detaining a person longer than necessary to process the traffic stop unless the officer develops reasonable suspicion of criminal activity).

The state contends, however, that the evidence was not the result of the unlawful extension of the stop. Combining concepts, perhaps imperfectly, the state argues that there "is no causal nexus" between the extension and the evidence, "because the evidence would [inevitably] have been discovered in a lawful search pursuant to the terms of defendant's probation" or because the evidence was discovered through an "independent source."

Defendant replies that the state failed to argue in these terms before the trial court. The record shows, however, that the state did suggest that defendant had to consent to searches due to the terms of her probation. Assuming without deciding that the state's cryptic suggestion raised the question of inevitable discovery, we will examine any permissible basis for the court's conclusion, because the trial court did not indicate which argument it accepted when denying defendant's motion to suppress. *See Ehly*, 317 Or at 75. We also do so to the extent necessary to respond to

---

[2] In its brief, the state concedes that

"[a]fter the corporal determined that defendant did not possess a driver license, proof of insurance and registration, he could have cited defendant and allowed her to leave the scene of the stop. *** The state agrees with defendant that no statute, and none of the inventory and tow polices received in evidence during the motion to suppress, require a driver to remain with the car until after the inventory is complete."

the state's contention with regard to "independent source," that the trial court could be "right for the wrong reason," *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001).

We agree with and accept the state's concession that the stop was unlawfully extended. *See Rodgers/Kirkeby*, 347 Or at 623; *Berry*, 232 Or App 612. Because, during that unlawful extension, the officer inquired about drugs, learned of the marijuana, and eventually elicited consent to search, there is a "causal nexus" between the unlawful extension and the challenged evidence. *See State v. Musser*, 356 Or 148, 159, 335 P3d 814 (2014) (holding that evidence should have been suppressed where unlawful conduct led directly to observation that led to request to search). Our only issue is whether the evidence is nonetheless admissible. *See State v. Hall*, 339 Or 7, 25, 115 P3d 908 (2005) (exploitation analysis); *see also State v. Unger*, 356 Or 59, 86, 333 P3d 1009 (2014) (reviewing considerations).

As we understand the state's primary argument, it is simply that the evidence would have been inevitably discovered because, under the terms of her probation, defendant was required to consent to searches. To prevail on that argument, the state would have had the burden to prove that, even without the unlawful extension of the stop, the officer would have sought defendant's consent to search her purse and she would have granted it. *See generally State v. Lovaina-Burmudez*, 257 Or App 1, 13-20, 303 P3d 988, *rev den*, 354 Or 148 (2013). Here, the state elicited no testimony from Furst to that effect. His testimony that defendant actually consented on that basis *after* the stop had been extended—unlawfully, as the state now concedes—is not sufficient to sustain the state's burden. There was no testimony that would support a conclusion that the request would have been made or consent would have been given at a time *other* than during this unlawfully extended stop. Accordingly, there was no basis from which the trial court could have concluded that the evidence was admissible because it would have been inevitably discovered.

The state has made fleeting reference to admission of the evidence by reason of its production from an

independent source. But, again, the state has offered no factual basis upon which the trial court could have drawn such a conclusion. There was no other source for this evidence than defendant's tainted consent to search. Insofar as there was no basis in the record upon which the trial court could have relied, this argument could not have justified the trial court's decision as a matter of "right for the wrong reason." *Outdoor Media Dimensions Inc.*, 331 Or at 659-60.

In sum, the state has not shown that the evidence in this case is the product of anything other than exploitation of a constitutional violation. Because the trial court erred in denying defendant's motion to suppress, we reverse and remand.

Reversed and remanded.